**XU XUI GAO, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.[1]**

No. 08–5346–ag.

United States Court of Appeals, Second Circuit.

June 18, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

John Wang, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Xu Xui Gao, a native and citizen of China, seeks review of an October 10, 2008 order of the BIA affirming the February 15, 2007 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xu Xui Gao,* No. A99 023 587 (B.I.A. Oct. 10, 2008), *aff'g* No. A99 023 587 (Immig. Ct. N.Y. City Feb. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008).[2]

In making his adverse credibility determination, the IJ reasonably relied on discrepancies between the records of Gao's airport and credible fear interviews, his asylum application, and his testimony. *See Xiu Xia Lin,* 534 F.3d at 166–67. In Gao's asylum application and during his testimony, he stated that his wife was forcibly sterilized. Further, during his testimony, Gao stated that he argued with the village officials when they took his wife away for the sterilization procedure. However, during Gao's airport interview, he never stated that his wife was sterilized or that he argued with family planning officials. Days later at his credible fear interview, when the immigration officer asked Gao whether his wife was harmed in China, he stated that she was never sterilized. The IJ found that this was "a clear inconsistency." We agree.

Where discrepancies and omissions arise in the context of an applicant's statements during an airport interview, we closely ex-

---

**2.** The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109–13, div. B, 119 Stat. 302. *See id.* tit. I, § 101(a)(3), 119 Stat. at 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin,* 534 F.3d at 165.

amine the record of the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Although Gao argues that the IJ erred by relying on the interviews because he was not asked "follow-up questions," it is clear from the record that Gao was asked many detailed follow-up questions regarding the family planning policy. Moreover, the IJ evaluated the interview record under the four factors set forth in *Ramsameachire* and explained that the credible fear interview was sufficiently reliable. Therefore, the IJ properly considered the interviews in making his adverse credibility determination. *Id.* at 180. We find no merit in Gao's argument that the IJ failed to give proper weight to the additional evidence in the record. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006).

Ultimately, the agency's adverse credibility determination and the resulting denial of Gao's application for asylum were supported by substantial evidence. *See Xiu Xia Lin,* 534 F.3d at 165–66. Because Gao based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.